UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDIA MACIAS,<br><br>Plaintiff<br><br>v.<br><br>LISA FILIPPINI,<br>in her individual capacity;<br>BILL MORONES,<br>in his individual capacity;<br>BRIAN MILLER,<br>in his individual capacity,<br><br>Defendants | CASE NO. 1:17-CV-1251 AWI EPG<br><br>ORDER GRANTING LEAVE TO FILE SURREPLY TO DEFENDANTS FILIPPINI AND MORONES' MOTION TO DISMISS UNDER RULE 12(B)(6)<br><br>(Doc. No.'s 13, 20) |

Plaintiff has filed two claims under 28 U.S.C. § 1983 against Defendants Filippini, Morones and Miller, claiming Defendants violated her First and Fourteenth Amendment rights. *See* Doc. No. 1. Defendants Filippini and Morones have moved to dismiss all claims against them under rule 12(b)(6). *See* Doc No. 13-1. In their initial motion, Defendants raise issues regarding Plaintiff's complaint that primarily concern the failure to identify a constitutionally protected activity. *See Id*. Plaintiff responded to these allegations, to which Defendants filed a reply. *See* Doc. No.'s 17, 20. However, in the reply brief, Defendants raise an additional issue of whether Plaintiff has properly stated a claim against Morones under *Monell v. Department of Social Serv.*, 436 U.S. 658 (1978). See Doc. No. 20, at pp. 5-6.

The general rule is that appellants cannot raise a new issue for the first time in their reply briefs. *Thompson v. C. I. R.*, 631 F.2d 642, 649 (9th Cir. 1980); *Pena v. Taylor Farms Pac., Inc.*, 305 F.R.D. 197, 206 (E.D. Cal. 2015) ("It is generally improper for a moving party to introduce new facts or different legal arguments in a reply brief."). However, given the importance of the

issue, and given that Plaintiff has not had a chance to respond, the Court will exercise its discretion and grant Plaintiff additional time to file a surreply to specifically address this *Monell* issue. *Brady v. Grendene USA, Inc.*, 2015 WL 6828400, at *3 (S.D. Cal. Nov. 6, 2015) ("A decision to grant or deny leave to file a surreply is generally committed to the "sound discretion" of the court"); *Ctr. for Envtl. Sci., Accuracy & Reliabilit v. Cowin*, 2015 WL 5430350, at *3 (E.D. Cal. Sept. 14, 2015) ("The Court grants Plaintiff's request to file a surreply on the basis that Defendant only raised the issues of the scope of the notice letter and its addressees in its Reply.").

## ORDER

Accordingly, IT IS HEREBY ORDERED that Plaintiff shall file, by April 2, 2018, a surreply to respond to the specific issue first raised in Defendants' reply concerning lack of supervisory liability against Defendant Morones. *See* Doc. No. 20, Section B3.

IT IS SO ORDERED.

Dated:  March 27, 2018

SENIOR DISTRICT JUDGE